**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| Auto-Owners Insurance Company, | ) | Civil Action No. 2:25-cv-00652-RMG |
| | ) | |
| Plaintiff, | ) | **COMPLAINT** |
| | ) | (Declaratory Judgment) |
| vs. | ) | (Non-Jury Trial Demanded) |
| | ) | |
| Edward C. Ross, Vivian Ross, and | ) | |
| Ross Walls & Ceilings Ltd., LLC, | ) | |
| | ) | |
| Defendants. | ) | |

COMES NOW the Plaintiff, Auto-Owners Insurance Company ("Auto-Owners"), complaining of the Defendants Edward C. Ross, Vivian Ross, and Ross Walls & Ceilings Ltd., LLC (collectively referred to as "Defendants"), by and through undersigned counsel and respectfully shows unto the Court as follows:

**PARTIES AND JURISDICTION**

1. Pursuant to 28 U.S.C. §2201, Auto-Owners seeks a declaratory judgment and adjudication concerning the rights, obligations and liabilities of the parties under automobile policy of insurance issued by Auto-Owners, under which Defendants seek underinsured motorist ("UIM") benefits in a lawsuit filed by Edward C. Ross and Vivian Ross in the Clarendon County Court of Common Pleas, Case No. 2022-CP-14-00480.

2. Auto-Owners is a company organized under the laws of Michigan with its principal place of business in Lansing, Michigan. At all relevant times, Auto-Owners was authorized to do business as an insurance company in the State of South Carolina.

3. Upon information and belief, Edward C. Ross and Vivian Ross are individuals currently residing in Clarendon County, South Carolina.

1

4. Upon information and belief, Ross Walls & Ceilings Ltd., LLC is a limited liability company incorporated and existing under the law of the State of South Carolina and doing business in South Carolina.

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the Plaintiff and Defendants are residents of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. Venue is proper in the Charleston Division of the Court under 28 U.S.C. § 1391 because the defendants reside in the Division and the underlying motor vehicle-pedestrian accident out of which this insurance coverage dispute arises, occurred in Clarendon County, South Carolina.

## MATERIAL FACTS

7. Auto-Owners re-alleges and incorporates herein by reference its prior allegations not inconsistent herewith.

8. This complaint arises out of a motor vehicle accident that took place on February 7, 2022 in Clarendon County, South Carolina, when Mr. Ross was struck by Kenneth Foley's vehicle (the "Accident").

9. At the time of the Accident, Mr. Ross was a pedestrian walking across a commercial parking lot. Mr. Foley was backing his vehicle out of a parking spot when it struck Mr. Ross.

10. As a result of the Accident, Mr. Ross sustained injuries.

11. Upon information and belief, Mr. Ross's vehicle was not damaged by the Accident or otherwise involved.

12. Auto-Owners issued a Commercial Automobile Insurance Policy to Ross Walls & Ceilings Ltd., LLC, Policy No. 44-368-377-00 (the "Policy"). The Policy provides, subject to its

terms and conditions, combined UIM bodily injury and property damage coverage with limits of $500,000 each accident. (See Exhibit A, Auto-Owners Policy).

13. The Policy provides Underinsured Motorist Coverage for Covered Autos, symbol 6, which is "Owned Autos Subject to a Compulsory Uninsured Motorists Law." The Policy insures the following two vehicles:

   a. 2005 Ford Expedition; and

   b. 2002 Ford Econoline.

14. The Policy provides UIM coverage to anyone occupying a covered auto or a temporary substitute auto for a covered auto.

15. On May 8, 2023, Mr. Ross notified Auto-Owners of the Accident and demanded $500,000 in UIM benefits under the Policy.

16. On July 21, 2023, Mr. Ross was notified that there is no UIM coverage available to Mr. Ross under the Policy because Mr. Ross was not "occupying" a covered auto at the time of the Accident.

17. On or about October 27, 2022, Edward C. Ross and Vivian Ross filed a complaint in the Clarendon County Court of Common Pleas styled as: *Edward C. Ross and Vivian Ross v. Kenneth Foley*, Case No. 2022-CP-14-00480 (the "Underlying Lawsuit").

18. Upon information and belief, Mr. Ross settled with the liability insurance carrier, Farm Bureau of North Carolina, for $100,000.

19. On or about November 30, 2023, Mr. Ross filed a Notice of Underinsured Motorist Claim in the Underlying Lawsuit. Auto-Owners was served with the Summons and Complaint on December 4, 2023.

20. Auto-Owners is informed and believes that Mr. Ross qualifies as an insured for UIM benefits under the Policy issued to Ross Walls & Ceilings Ltd, LLC, but only to the extent that Mr. Ross was "occupying" a covered auto at the time of the Accident.

21. At the time of the Accident, Mr. Ross was a pedestrian and not "occupying" a covered auto as defined by the terms and conditions of the Policy.

22. The Policy states, in relevant part:

**SOUTH CAROLINA UNDERINSURED MOTORIST COVERAGE – COMBINED LIMIT**

**A. COVERAGE**
1. We will pay in accordance with the South Carolina Underinsured Motorists Law all sums the insured is legally entitled to recover as damages from the owner or driver of an underinsured motor vehicle. The damages must result from bodily injury sustained by an insured or property damage caused by an accident.

**B. WHO IS AN INSURED**
If the Named Insured is designated in the Declarations as:
2. A partnership, limited liability company, corporation or any other form of organization, then the following are insureds:
   a. Anyone occupying a covered auto or a temporary substitute auto for a covered auto. The covered auto must be out of service because of its breakdown, repair, servicing, loss or destruction.

**D. LIMIT OF INSURANCE**

1. Regardless of the number of covered autos, insureds, premiums paid, claims made or suits brought, persons injured or vehicles involved in the accident, the most we will pay for all damages resulting from any one accident is the limit of Underinsured Motorist Coverage shown in the Declarations. If the bodily injury is sustained by any insured while occupying a covered auto, or the Named Insured's covered auto sustains property damage in an accident, our limit is the sum of:
   **a.** The Limit Of Insurance shown in the Declarations for this coverage applicable to a covered auto; and
   **b.** That part of the limit for this coverage that applies to each additional covered auto that does not exceed the Limit Of Insurance applicable to the covered auto involved in the accident.

   **2.** Subject to the maximum Limit Of Insurance for all damages:
   **a.** Regardless of the number of covered autos, insureds, premiums paid, claims made or suits brought, persons injured or vehicles involved in the accident,

4

the most we will pay for bodily injury sustained in an accident by an insured other than an individual Named Insured or any family member is that insured's pro rata share of the limit shown in the Declarations for this coverage that applies to the vehicle that insured was occupying at the time of the accident.

A person's pro rata share will be the proportion that that person's damages bear to the total damages sustained by all insureds.

23. The Policy contains the following relevant definitions:

**F. ADDITIONAL DEFINITIONS**

1. **Occupying** means in, upon, getting in, on, out or off.

24. Auto-Owners is informed and believes that the Policy would provide UIM coverage to Mr. Ross, only if he was "occupying" a covered auto at the time of the Accident.

<u>**FOR A FIRST CAUSE OF ACTION**</u>
**(Declaratory Judgment)**

25. Auto-Owners adopts and re-alleges each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

26. Auto-Owners seeks relief pursuant to the Federal Declaratory Judgment Act codified at 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure.

27. Auto-Owners is informed and believes that a justiciable controversy exists between the parties, that the parties named as defendants have or may claim an interest in the subject matter of this litigation, and that the disposition of the policies in this matter will affect the rights and liabilities of the defendants.

28. Auto-Owners contends that the Policy and South Carolina law provide UIM coverage only if Mr. Ross was "occupying" a covered auto at the time of the Accident.

29. Accordingly, there is no UIM coverage available for defendants because:

   a. At the time of the Accident, Mr. Ross was a pedestrian walking across a commercial parking lot when the back of Mr. Foley's vehicle struck him;

5

b. The Policy lists the Named Insured as Ross Walls & Ceilings Ltd., LLC and not Mr. Ross individually;

c. The Policy defines an insured, for purposes of UIM coverage, as anyone "occupying" a covered auto or a substitute auto for a covered auto;

d. The Policy defines "occupying" as "in, upon, getting in, on, out or off";

e. At the time of the Accident, Mr. Ross was not physically touching his vehicle or engaged in the process of being in, upon, getting in, on out or off of a covered auto;

f. At the time of the Accident, Mr. Ross was not using his vehicle or any covered auto;

g. Therefore, at the time of the Accident, Mr. Ross did not qualify as an insured under the Policy and is unable to recover UIM benefits; and

h. Such other and additional reasons as may be supported by the discovery in this action.

30. Auto-Owners respectfully requests that the Court inquire into the dispute between the parties, review the relevant Policy and applicable facts, and issue a Declaratory Judgment as to the rights and responsibilities of the parties under the Policy.

WHEREFORE, Auto-Owners prays:

(1) That the Court inquire into these matters and enter an Order declaring that there is no UIM coverage available for the loss at issue;

(2) For reasonable attorney's fees and cost; and

(3) For such other and further relief as this Court may deem just and proper.

**Respectfully Submitted By**:

By: /s/ Michelle N. Endemann
Michelle N. Endemann (Federal Bar No. 11010)
Clarkson, Walsh & Coulter, P.A.
497 St. Andrews Boulevard
Charleston, SC 29407
P: 843-936-5043
mendemann@clarksonwalsh.com

*Attorneys for Plaintiff Auto-Owners Insurance Company*

On this 4th day of February, 2025
Charleston, South Carolina